UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

HELEN SWARTZ, Individually,

        Plaintiff,

vs.

        Case No.

SELDAR MIAMI HOLDING, LLC,
a Delaware Limited Liability Company,

        Defendant.

_____/

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, HELEN SWARTZ, Individually, on her behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, SELDAR MIAMI HOLDING, LLC, a Delaware Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Helen Swartz, is an individual residing in Miami Beach, FL, in the County of Miami-Dade.

2. Defendant's property, The St. Regis Bal Harbour Hotel, is located at 9703 Collins Avenue, Bal Harbour, FL   33154, in the County of Miami-Dade.

3. Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs.  The Defendant's property is located in and the Defendant does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given

original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

5.     Plaintiff Helen Swartz is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Helen Swartz suffers from multiple sclerosis. She was diagnosed twenty years ago and as a result of losing her ability to ambulate, she uses a mobility scooter.  Family and friends often visit her in the Miami area and she enjoys visiting with them at the various hotels in which they stay. Ms. Swartz sometimes stays in hotels with them to eliminate the need to return home late, as fatigue is a significant component of the disease.  She and her husband also enjoy celebrating special events such as birthdays and anniversaries by enjoying hotel restaurants and spending the night to use spa amenities. Ms. Swartz's granddaughter enjoys using the hotel pools when visiting Miami and Ms. Swartz enjoys treating her granddaughter to overnight stays in hotels in Miami.

6.     Helen Swartz visited the property which forms the basis of this lawsuit from September 8 through September 9, 2019.  Ms. Swartz has reservations to return to the property from September 1 through September 2, 2020, to celebrate her birthday.  The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access at the properties have impaired her ability to access the hotel safely, to safely enjoy the spa area, to use restrooms in the hotel, to safely use the restroom and other areas in the accessible guestroom.

7.     Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as The St. Regis

Bal Harbour Hotel, and is located at 9703 Collins Avenue, Bal Harbour, FL   33154.

8. Helen Swartz has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant.  Helen Swartz desires to visit The St. Regis Bal Harbour Hotel, not only to avail herself of the goods and services available at the property, but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of The St. Regis Bal Harbour Hotel has shown that violations exist.  These violations that Helen Swartz has personally encountered or observed, and which were verified by an ADA expert, include, but are not limited to:

   a. A vehicle pull-up space is not provided on the site.  This is in violation of section 503.2 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

   b. The Key card and call buttons are out of reach to a person in a wheelchair.  This is in violation of section 407.2.1.1 of the 2010 Standards for

Accessible Design §36.304. This condition makes it difficult to access the facility.

c. Accessible seating is not provided at the assorted tables and bars inside and outside the hotel. This is in violation of sections 226 and 902 of the 2010 Standards for Accessible Design. This condition made it difficult for the Plaintiff access the tables and bars around the hotel and in the casino.

d. In the accessible guestroom the controls to operate the lights and the window treatments cannot be accessed as a table is in front of it, and once in bed the device is behind the plaintiff's head where she is unable to turn to reach the device. This is in violation of sections 308 & 806.2.6 of the 2010 Standards for Accessible Design. §36.304.   This conditioned denied the plaintiff to access items in the room.

e. In the accessible guestroom a turning space is not provided in the closet. This is in violation of sections 806.2.6 and 811.2 of the 2010 Standards for Accessible Design. §36.304.   This conditioned denied the plaintiff to turn around to exit the closet. There is another closet, but the closet rod is out of reach to a person in a wheelchair. 811.3.

f. In the accessible guestroom the exterior space to enter or exit is not accessible.   This is in violation of section 806.2.2 of the 2010 Standards for Accessible Design. §36.304.   This conditioned denied the plaintiff to access the balcony.

g. In the accessible guestroom bathroom, a turning space is not provided. This is in violation of section 806.2.6 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult to access the facility.

h. In the accessible guestroom bathroom, the flush control is on the closed side the water closet.  This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult to access the facility.

i. In the accessible guestroom bathroom, the space between the grab bar and a projecting object is too close to the side grab bar by the water closet.  This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult to access the facility.

j. In the accessible guestroom bathroom, the pipe underneath the lavatory is exposed.  This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult to access the facility.

4

k.  In the accessible guestroom bathroom, appropriate grab bars are not provided by the bathtub.  This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult to access the facility.

l.  In the accessible guestroom bathroom, a secure bathtub seat is not provided in the bathtub.  This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult to access the facility.

m.  In the accessible guestroom bathroom, a fixed shower seat is not provided in the roll-in shower.  This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult to access the facility.

n.  In the accessible guestroom bathroom, the shower unit in the roll-in shower is out of reach.   This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult to access the facility.

o.  The shower spray unit in the roll-in shower in the accessible guestroom bathroom does not have an on/off control with a non-positive shut-off. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult to use.

p.  In the accessible guestroom bathroom, a clear floor space positioned for a forward approach to the lavatory is not provided.   This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult to access the facility.

q.  Items in the accessible guestroom and bathroom are out of reach to a person using a wheelchair. This is in violation of sections 308 and 806 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facilities.

r.  The door opening force to access the ATM is too heavy.  This is in violation of section 404.2.9 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

s.  In the hotel toilet room by Atlantikós, the pipes underneath the lavatory are exposed. This is in  violation of section 606.5 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

t.      In the hotel toilet room by Atlantikós, appropriate grab bars are not provided by the water closet. This is in violation of section 604.5 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the lavatory.

u.      In the hotel toilet room by Atlantikós, the water closet is positioned to far from the side wall. This is in violation of section 604.2 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the lavatory.

v.      In the hotel toilet room by Atlantikós, the door opening force is too heavy. This is in violation of section 404.2.9 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

w.      Items in the hotel toilet room by Atlantikós are out of reach to a person in a wheelchair. This is in violation of section 308 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facilities.

x.      In the hotel toilet room on C, the door hardware requires tight grasping, tight pinching or twisting of the wrist to operate. This is in violation of section 404.2.7 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

y.      In the hotel toilet room on C, the mirror is too high for a person in a wheelchair to use. This is in violation of section 603.3 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

z.      In the hotel toilet room on C, the pipe underneath the lavatory is exposed. This is in violation of section 606.5 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

aa.     In the hotel lobby bathroom, there are 6 toilet compartments. An ambulatory accessible toilet compartment is not provided. This is in violation of section 213.2.1 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

bb.     In the hotel lobby bathroom, appropriate grab bars are not provided by the water closet in accessible toilet compartment. This is in violation of section 604.5 of

the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

  cc. In the hotel lobby bathroom, the pipes underneath the lavatories are exposed. This is in violation of section 606.5 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

  dd. In the hotel lobby bathroom, the mirror is too high for a person in a wheelchair to use. This is in violation of section 603.3 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

  ee. Fire alarms are not provided in the enclosed toilet compartments in the hotel lobby bathroom. This is in violation of section 215.2 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to know if she needs to exit the bathroom.

  ff. Remede Spa staff followed plaintiff everywhere in the facility and did not give her independent access while in the spa. This is in violation of §36.202. The Plaintiff didn't appreciate that she was unable to participate in the activity in the same manner as an abled individual.

  gg. Appropriate benches are not provided in the locker area or by the lavatories in the Remede Spa. This is in violation of section 903.4 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

  hh. In the Remede Spa, the pipes underneath the lavatories are exposed. This is in violation of section 606.5 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

  ii. In the Remede Spa, the pipes underneath the lavatories are exposed. This is in violation of section 606.5 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

  jj. The lavatories in Remede Spa are out of reach to a person in a wheelchair. This is in violation of section 606.3 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

kk. A transfer type shower compartment is not provided in the Remede Spa. This is in violation of sections 608.2.1, 608.3.1, 608.4.1 and 608.5.1 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

ll. In the Remede Spa, the toilet paper seat dispenser is out of reach to a person in a wheelchair. This is in violation of section 308 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

mm. Access is not provided to the telephone in the gym. This is in violation of sections 305 and 308 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

nn. A guest with a disability is denied the opportunity to access the beach in the say way as the hotel's abled guests. This is in violation of §36.201, §36.202 and §36.304. This denied Plaintiff the full and equal opportunity to receive the same service as an abled individual.

oo. Items in the hotel shop are out of reach to a person in a wheelchair. This is in violation of section 308 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

pp. Plaintiff was unable to secure a guestroom online that has a roll-in shower. The only rooms offered online are accessible guestrooms with tubs. This is in violation of §36.302(e)(1)(i). This denied individuals with disabilities to make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms.

qq. The hotel does not provide the required amount of compliant accessible guest rooms and the accessible rooms are not dispersed among the various class of accommodations. This is in violation of section 224 of the 2010 Standards for Accessible Design. §36.304. This denies to Plaintiff the full and equal opportunity to stay at the subject hotel.

**Maintenance**

rr. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

11. All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines, and the 2010 ADA Standards for Accessible Design (ADAAG), as promulgated by the U.S. Department of Justice.

12. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13. Defendant has discriminated against the individual by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure

9

that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

17.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter The St. Regis Bal

Harbour Hotel to make those facilities readily accessible to and useable by the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.  The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

18.	A prior lawsuit was filed on September 3, 2014 [1:14-cv-23247-FAM].  That suit only concerned ADA violations related to the pool on the property.  The instant suit does not involve any of the violations named in that suit, and is therefore unrelated.

**WHEREFORE,** Plaintiff respectfully requests:

a.	The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.	Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

      c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

      d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated:   September 25, 2019

Respectfully submitted,

*/s/   Lawrence A. Fuller*
Lawrence A. Fuller, Esq. (FBN 0180470)
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
lfuller@fullerfuller.com

Attorney for Plaintiff Helen Swartz